# SUPREME COURT.

THE TENTH NATIONAL BANK, agt. EDMUND P. SANGER, &c.

A United States' bankrupt court cannot *enjoin* this court. In the execution of
process, when jurisdiction is acquired, the supreme court is absolute in the
control of its own orders and decrees.

The bankrupt court has no control over the acts or judgments of this court.
The order of this court is a complete protection to the sheriff for all purposes
in the bankrupt court.

*First Department, General Term, Dec.,* 1871.
*Before* INGRAHAM & BARNARD, *J. J.*

THIS was an appeal from an order at special term directing
the sheriff to pay to plaintiff moneys arising from the sale of
property of defendants, levied upon under executions.    The
levies were made Jan. 12th, 1871.    On February 11, 1871,
the sheriff was served with an order from the U. S. district
court, in bankruptcy, wherein all persons were enjoined and
restrained from disposing of, or interfering in any manner
with the property of the alleged defendants, against whom a pe-
tition in bankruptcy had that day been filed.  On Mar. 11, 1871,
the bankrupt court made an order, whereby the sheriff was per-
mitted to sell the property still in his custody, and to hold the
proceeds in lieu·thereof.  The property was thereupon regularly
sold by the sheriff under the executions, and the proceeds, less
expenses of sale, &c., $8,910, were held by him, and were
insufficient to pay in full the executions.    The sheriff and
judgment creditors were then made co-defendants in a suit
brought by the assignees in bankruptcy, to set aside the exe-
cutions and levies, and to obtain these moneys.    The bank-
rupt court was moved in the bankruptcy proceedings for an

order to permit the sheriff to pay over the money to the judgment creditors, which motion was denied. Upon these facts, the plaintiff herein then applied for, and October 16, 1871, obtained, an order, at special term of this court, directing the sheriff to pay over to plaintiff what had been realized on the executions. From this order the sheriff appealed to the general term.

J. STERLING SMITH, *for the sheriff.*

Argued that the injunctions and orders of the district court were binding upon the sheriff and plaintiff; and that the bankrupt court had power to enjoin and control the sheriff as to property of bankrupt (14 *Stat. at Large*, 538, *secs.* 1 *&* 40); that the refusal to modify the injunction was binding upon plaintiff (*People* agt. *Sturtevant*, 9 *N. Y.*, 263); and that the sheriff is entitled to hold the moneys for his own indemnity, pending the suit against him (*Rowland* agt. *Baker*, 21 *Wend.*, 264).

H. EDWIN TREMAIN, *for plaintiff.*

Argued that the injunction only applied to the property of the bankrupts which passes to the assignee, and that property is always subject to existing liens (*Honsberger* agt. *Zibelin*, 2 *B.R.*, 33); that it did not apply to the lien in question, or to the sheriff; that a court having once acquired jurisdiction may continue it, except by superior authority; that the state court, or its officers cannot be enjoined (10 *U. S. Stat.* 334, *sec.* 5; *Diggs* agt. *Wolcott*, 4 *Cr.*, 119; *In re Swartwout*, *Ibid.*; *Peck* agt. *Jenness*, 7 *How*, 625; *Atkinson* agt. *Purdy*, *Crabbe*, 556; *Johnson* agt. *Bishop*, 1 *Walworth*, 326, &c). The sheriff must account to the court of which he is an officer, in the execution of its process.

INGRAHAM, P. J., (orally). The bankrupt court cannot

enjoin this court. In the execution of process, when jurisdiction is acquired, the supreme court is absolute in the control of its own orders and decrees. We do not believe that congress intended that the bankrupt court should have any control over the acts or judgments of this court. Is not the order of this court a complete protection to the sheriff for all purposes in the bankrupt court? We think it is. We think the order was right, and should be affirmed.

Order affirmed, with costs.

CARDOZO, justice, took no part in the decision, he having made the order appealed from.

The principle in this case was followed in the case of *Weld* agt. *O'Brien,* decided at the same general term.